IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOSHUA T. DIETZ,**

       **Plaintiff,**

v.                                                                                      Case No. 3:19-cv-00642

**WEST VIRGINIA REGIONAL**
**JAIL AUTHORITY;**
**WESTERN REGIONAL JAIL, and**
**W.V.D.C.R.,**

       **Defendants.**

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Joshua T. Dietz's ("Dietz") Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and his Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). The Court hereby **GRANTS** the Application. The Court notes that Dietz has a sufficient balance in his prisoner account to pay an initial partial filing fee; therefore, he is **ORDERED** to forward to the Clerk of Court an partial filing fee of $10.00 and is further **ORDERED** to make monthly payments equal to 20 percent of the preceding month's income credited to his prisoner account until the full filing fee of $350.00 has been paid. The first payment shall be made on or before **October 5, 2019** and the subsequent payments shall be due on the fifth day of each month thereafter. The Pruntytown Correctional Center, or any other agency having custody of Dietz, shall forward payments from his prisoner account to the Clerk of Court each time the amount in his prisoner account exceeds $10, until the full filing fee is paid. *See* 28

U.S.C. 1915(b). It is further **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Dietz and shall pay the balance to the him, if any.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Dietz's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Dietz sues under 42 U.S.C. § 1983. In order to state a cause of action for money damages under 42 U.S.C. § 1983, a plaintiff must show that ***a person*** was acting under color of state law and deprived the plaintiff of a federally protected civil right, privilege, or immunity. *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). For the most part, liability under § 1983 is personal in nature, based upon a defendant's own constitutional violation. *Monell v. Department of Social Services of the City of NY,* 436 U.S. 658, 694. Here, Dietz has named the West Virginia Regional Jail Authority, the Western Regional Jail, and the West Virginia Division of Corrections and Rehabilitation

as defendants. None of these named defendants is a "person" subject to liability under 42 U.S.C. § 1983.

Therefore, to the extent Dietz claims that a person (or persons) acting under color of state law violated his federal civil or constitutional rights, he must amend his complaint to name the individual or individuals and to state precisely what civil or constitutional right each individual violated. Dietz is advised that he must state allegations amounting to a constitutional or civil rights violation by each named defendant. If Dietz is unaware of the names of the relevant individuals, he may designate in the case caption each individual whose name is unknown as a John Doe or Jane Doe (e.g. Correctional Officer John Doe) **and shall further identify** each individual in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the court in determining the identity and number of individual defendants in the action, as well as the specific reason that each individual defendant is included in the complaint. If Dietz knows only partial names, he shall include those parts (e.g. Correctional Officer Michael LKU ('last name unknown")).

Finally, in his Complaint, Dietz basically describes a "slip and fall" incident that occurred while he was exiting a prisoner transport vehicle at the Western Regional Jail and Correctional Facility. The mere fact that such an incident occurred, without more, is insufficient to state a constitutional claim under § 1983. A run-of-the-mill negligence case involving agencies or employees of the State of West Virginia is generally filed in state court or in the state court of claims, ***but not*** in federal court. To maintain a claim in federal court, Dietz must show both (1) the deprivation of a basic human need that was "sufficiently serious," when measured by an objective standard, and (2) that the responsible prison officials had a "sufficiently culpable state of mind." *Iko v. Shreve*, 535

F.3d 225, 238 (4th Cir. 2008) (citing *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). To satisfy the objective component, Dietz must show that the challenged condition caused or constituted an extreme deprivation. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). "[T]o demonstrate such an extreme deprivation, [Plaintiff] must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." *Odom v. South Carolina Dept. of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003) (quoting *De'Lonta*, 330 F.3d at 634). "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of the deprivation devolve into an application of the subjective views of the judges deciding the question." *Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (citing *Strickler v. Waters,* 989 F.2d 1375, 1370–80 (4th Cir. 1993)).

To meet the subjective component, Dietz must demonstrate a "deliberate indifference" to his health or safety by the individuals. *Farmer*, 511 U.S. at 834. The Supreme Court explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Deliberate indifference is more than mere negligence but less than malice. *Flores v. Stevenson,* Civil Action No. 2:11–cv–01278–TMC–BHH, 2012 WL 2803721 (D.S.C. May 11, 2012). Put simply, correctional facility staff have a sufficiently culpable state of mind if they are aware of an excessive risk of harm to an inmate's health

or safety, but disregard it. *See Wilson*, 501 U.S. at 298; *Brown v. North Carolina Dept. of Corrections*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)) ("[T]he test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so.")

Based on the current allegations, Dietz's complaint is subject to dismissal for failure to state a claim and/or for lack of jurisdiction. Therefore, if Dietz's wishes to voluntarily dismiss this action, he shall file a motion for voluntary dismissal with the Clerk of Court. In the event Dietz decides to proceed with this civil action, he is **ORDERED** to amend his Complaint within **thirty days** of the date of this Order to include allegations showing deliberate indifference to a serious risk to his health or safety by a specific person (or persons). Dietz is hereby given notice that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed for failure to state a claim/and or lack of jurisdiction under 42 U.S.C. § 1983.

**Dietz is also reminded of his obligation to promptly notify the Clerk of Court of any change in his address.**

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** September 10, 2019

_____
Cheryl A. Eifert
United States Magistrate Judge