IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JOSHUA T. DIETZ,**

      **Plaintiff,**

v.                                          **Case No. 3:19-cv-00642**

**WEST VIRGINIA REGIONAL
JAIL AUTHORITY;
WESTERN REGIONAL JAIL, and
W.V.D.C.R.,**

      **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, without prejudice, pursuant to Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1, and that this action be removed from the docket of the court.

**I.**    **Relevant History**

On September 9, 2019, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs, as well as a Complaint pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2). On September 10, 2019, the undersigned entered an Order granting

Plaintiff's Application and advising him that he would need to amend his complaint in order to avoid dismissal for failure to state a viable claim. (ECF No. 4). In particular, Plaintiff was told that his complaint needed to name ***a person or persons*** as the defendant(s), because none of the agencies/facilities he named were considered persons subject to suit under 42 U.S.C. § 1983. (*Id.*). The undersigned further explained that a run-of-the-mill slip and fall claim did not rise to the level of a constitutional violation, and, as such, Plaintiff could not maintain his case in this court unless he amended the complaint and provided factual allegations to support an Eighth Amendment violation. (*Id.*). Plaintiff was given thirty days in which to file the amended complaint. (*Id.*). According to the Court's docket sheet, Plaintiff received the Order.

On January 3, 2020, after nearly four months had passed without Plaintiff having amended his complaint as instructed, the Court entered an Order to Show Cause. (ECF No. 5). In the Order to Show Cause, Plaintiff was given notice that his complaint would be dismissed for failure to prosecute and for failure to abide by a court order unless he amended his complaint as instructed and provided the Court with good cause for retention of his case on the docket. (*Id.*). Plaintiff was advised that he had thirty days from the date of the Order to comply with its directives. In the alternative, Plaintiff was instructed to file a notice of dismissal with the Clerk's Office if he wished to voluntarily dismiss this action, without prejudice. (*Id.*). According to the Court's docket, Plaintiff received this Order.

More than thirty days have passed since entry of the Show Cause Order, and Plaintiff has not filed a response to the Order, or amended his complaint. A review of the docket demonstrates that Plaintiff last contacted the Court on **September 9, 2019** when he filed the complaint. Plaintiff no longer appears in the inmate directory

of the West Virginia Department of Corrections and Rehabilitation, and he has made no effort to notify the Clerk of his updated address. Thus, his whereabouts are unknown.

## II. Discussion

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). As the Supreme Court of the United States explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[1] Similarly, under this court's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action.[2]

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." However, although Fed.R.Civ.P. 41(b) does not explicitly provide for *sua sponte* dismissal, it does not abrogate the power of the court to act on its own initiative. *Link*, 370 U.S. at 630–32; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976).

[2] L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

"depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

Having considered each of these factors, the undersigned concludes that dismissal is warranted. A review of the docket indicates that Plaintiff received the first Order and the Order to Show Cause shortly after they were mailed; yet, he failed to abide by any of the directives contained in the Orders. Moreover, since initiating the case in September 2019, Plaintiff has made no effort to check on the status of this case or contact the court regarding the orders that he received. These failures add up to a case history of Plaintiff proceeding in a deliberately dilatory fashion. This civil action has been pending on the court's docket for five months and, during that time, there has been no action by Plaintiff. Likewise, there has been **no** communication from Plaintiff pertinent to this case. Thus, Plaintiff is entirely responsible for the delay in prosecution. As a rule, a delay in prosecution causes some measure of prejudice to the defendants given that witnesses become unavailable and memories become stale with the passage of time. Furthermore, considering that Plaintiff has now disregarded two court orders,

has expressed no desire to proceed, and his whereabouts are unknown, the proper course is dismissal. *See Ballard,* 882 F.2d at 95-96.

### III. Proposal and Recommendation

Accordingly, for the stated reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the complaint be **DISMISSED**, without prejudice, for failure to prosecute and for failure to comply with court orders, and that this action be removed from the docket of the court.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff at his last known address.

**DATED**: February 10, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge